UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO AGUILERA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ISPEEDTOLEAD, INC.,<br><br>Defendant. | Case No. 1:24-cv-01021-CDB<br><br>ORDER ON PLAINTIFF'S FILING OF NOTICE OF DISMISSAL<br><br>(Doc. 7)<br><br>**14-Day Deadline** |

On August 27, 2024, Plaintiff Emiliano Aguilera ("Plaintiff") initiated this action with the filing of a complaint, asserting claims on behalf of himself and a putative class against Defendant ISpeedtoLead, Inc. (Doc. 1).

On October 21, 2021, Plaintiff filed a notice of voluntary dismissal of his complaint with prejudice. (Doc. 7).

Plaintiff's notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss his individual claims (including, with prejudice) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for purposes of settlement ... may be settled, voluntarily dismissed, or compromised only with the

1 court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

2 Here, no class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement. Ordinarily, where no class has been certified, and where any dismissal would not affect putative class members' claims (*i.e.*, where the dismissal of class claims is *without prejudice*), Rule 23(e) does not mandate either Court approval of any settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)). In other words, "where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss." *Lee v. CVS Pharmacy*, Inc., No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021).

However, Plaintiff's notice of dismissal purports to dismiss the entire action – including claims on behalf of putative class members – *with prejudice*. Permitting dismissal of class claims with prejudice would improperly concede the interests of any potential new class action. *See Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378, at *2 (E.D. Cal. Oct. 12, 2021) ("the settlement between plaintiff and defendants resolves only plaintiff's individual claims—because the parties are only requesting dismissal of the class claims without prejudice, leaving putative class members free to pursue a new class action, no class interests are being conceded").

*Remainder of This Page Intentionally Left Blank*

For the reasons outlined above, Plaintiff is HEREBY ORDERED to file **within 14 days** an amended notice in which he clarifies whether he is dismissing only his individual claims with prejudice, and the class claims without prejudice, or otherwise describe the particulars of his dismissal separately as to his individual claims and the class claims.

IT IS SO ORDERED.

Dated:   **October 23, 2024**

UNITED STATES MAGISTRATE JUDGE