UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO AGUILERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ISPEEDTOLEAD, INC.,<br><br>Defendant. | Case No. 1:24-cv-01021-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 9)<br><br>Clerk of the Court to Assign District Judge |

On August 27, 2024, Plaintiff Emiliano Aguilera ("Plaintiff") initiated this action with the filing of a complaint, asserting claims on behalf of himself and a putative class against Defendant ISpeedtoLead, Inc. (Doc. 1). On October 21, 2021, Plaintiff filed a notice of voluntary dismissal of his complaint with prejudice. (Doc. 7). On October 23, 2024, the Court directed Plaintiff to file an amended notice clarifying the particulars of his voluntary dismissal separately as to his individual claims and the putative class claims. (Doc. 8).

Pending before the Court is Plaintiff's amended notice of voluntary dismissal with prejudice as to his individual claims and without prejudice as to the putative class claims. (Doc. 9).

Plaintiff's amended notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(i) and Plaintiff is entitled to dismiss his individual claims (at least) without court order.

In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for purposes of settlement ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss the putative class claims under Rule 41(a)(1) without prejudice. (Doc. 9). No class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a district judge for the purpose of closing this case and then to CLOSE the case and adjust the docket to reflect voluntary dismissal with prejudice, pursuant to Rule 41(a)(1)(i), as to Plaintiff's individual claims and without prejudice as to the putative class claims.

IT IS SO ORDERED.

Dated: __October 24, 2024__                    _____
                                               UNITED STATES MAGISTRATE JUDGE

2